**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**(GULFPORT-6 DIVISIONAL OFFICE)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRUDIE DYKES EUBANKS, | ) | Case No. 25-50541-KMS |
| | ) | |
| Debtors. | ) | Chapter 13 |

**MOTION FOR ENTRY OF AGREED ORDER LIFTING THE AUTOMATIC STAY**
**FOR LIMITED PURPOSE OF ALLOWING THE CHANCERY COURT OF PERRY**
**COUNTY, MISSISSIPPI TO ADJUDICATE THE QUIET TITLE ACTION UNDER**
**APPLICABLE STATE LAW**

**COME NOW** U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCAF Acquisition Trust ("Plaintiff"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001, files this its *Motion for Entry of Agreed Order Lifting the Automatic Stay for Limited Purpose of Allowing the Chancery Court of Perry, County, Mississippi, to Adjudicate Quiet Title Action under Applicable State Law* (the "Motion"), seeking entry of the attached Agreed Order granting relief from the automatic stay to permit the continuation of a civil lawsuit in Perry County, Mississippi in which Plaintiff seeks a judgment reforming the legal description in the existing deed of trust judgment against Trudie Dykes Eubanks (the "Debtor").  In support of the Motion, Plaintiffs would state unto the Court as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§157 and 1334.

2.      This contested matter is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(G).

**Background Facts**

3.      On June 13, 2007, Debtor and her husband, Johnny Eubanks, executed a deed of trust in favor of Chase Bank USA, N.A., ("**Chase**"), which was recorded in the Perry County Chancery Clerk's Office on July 31, 2007, in Book 2010, Pg 294 (the "**Deed of Trust**") granting Chase a security interest in Property which Debtor owns with Johnny Eubanks.

4.      The Deed of Trust was eventually assigned to U.S. Bank. See Complaint, *Exh. G*.

5.      On December 1, 2025, U.S. Bank filed a complaint against Debtor, her husband, Johnny Ray Eubanks, and Tina Price (Johnny Ray Eubanks and Tina Price are referred to herein collectively as "Non-Debtors"), in the Chancery Court for Perry County, Mississippi, in Case No. 25-CV-0090-S, (the "Complaint") for the purpose protecting its security interest in the Property and reforming the legal description on the Deed of Trust (the "Litigation"). A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

6.      Specifically, the Complaint seeks a declaratory judgment that the Deed of Trust encumbers the Property that was intended to be secured by the Deed of Trust. See Complaint, ¶ 25.

7.      The Complaint also seeks reformation of the legal description in the Deed of Trust to more correctly describe the Property that was intended to be secured by the Deed of Trust. See Complaint, ¶28.

8.      The Complaint also seeks an equitable lien on the portion of the home (the "Eubanks Home") that encroaches on an adjacent property. See Complaint, ¶33.

9.      The Complaint also sees partition of the adjacent property on that part of the adjacent property that is encroached on by the Eubanks Home that was intended to be secured by the Deed of Trust.[1] See Complaint, ¶35.

10.      And finally, the Complaint seeks to quiet title as to that portion of the adjacent property encroached on by the Eubanks Home. See Complaint, ¶ 37.

11.      On April 14, 2025 (the "Petition Date"), Debtor filed a voluntary petition with this Court seeking protection under Chapter 13 of the United States Bankruptcy Code.  David Rawlings, Esq. was appointed as the Chapter 13 Panel Trustee to oversee this case.

12.      As a result of the commencement of the Debtors' Chapter 13 case, the Civil Action is stayed with respect to Plaintiff's claims against Debtor.

13.      On June 16, 2025, Plaintiff timely filed Proof of Claim [11-1] (the "Proof of Claim") to evidence its claim against Debtor.

14.      Plaintiff now seeks relief from the automatic stay, to permit Plaintiff to proceed in full against Debtor, et al, in the Civil Action for the purpose of reforming the Deed of Trust to protect its security interest in the Property.

15.      Counsel for Debtor has consented to entry of the attached Agreed Order.

16.      In the event the Agreed Order for stay relief is granted and a judgment obtained in the Civil Action, Plaintiff hereby covenants and warrants that it will not undertake any effort to execute or otherwise collect on such judgment as against Debtor, but as to Debtor will bring such judgment to this Court for consideration in the adjudication of Plaintiff's Proof of Claim.

---

[1] Tina Price is the sister of Johnny Eubanks, and they own the adjacent property.

3

**Grounds for Relief (11 U.S.C. §362(d)(1)**

17.      Plaintiff bears the initial burden of establishing a legally sufficient basis for relief from the Section 362 automatic stay.  *In re Canal Place Ltd. Partnership*, 921 F.2d 569, 576 (5th Cir. 1991) (citing *United Savings Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd*., 484 U.S. 365 (1988)).  Once such a basis is established, the burden shifts to Debtor to demonstrate that he is entitled to the continued maintenance of the stay.  *In re Canal Place Ltd. Partnership*, 921 F.2d at 576.

18.      Bankruptcy Code § 362(d)(1) provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay "for cause . . . ."  11 U.S.C. §362(d)(1).  *In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998)).  "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis.  *In re Reitnauer*, 152 F.3d at 343 n.4.  Legislative history indicates, however, "that cause may be established by a single factor such as 'a desire to permit an action to proceed . . .  in another tribunal' or 'lack of any connection with or interference with the pending bankruptcy case.'"  *In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bkr. D. Del. 1992) (quoting H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) U.S. Code Cong. & Admin. News pp. 5787, 6300).

19.      One of the "primary purposes of granting relief from the stay to permit claim liquidation is to economize judicial resources."  *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990); *In re Murray Indus., Inc.*, 121 B.R. 635, 637 (Bankr. M.D. Fla. 1990).  Accordingly, a bankruptcy court may modify the stay to allow litigation commenced pre-petition in another forum to continue.  *In re Garzoni*, 35 Fed Appx. 179, 182 (6th Cir. 2002); *In re Rexene Prods. Co.*, 141 B.R. at 576; *In re The SCO Group, Inc.*, 395 B.R. 852, 857 (Bankr. D. Del. 2007).

4

Whether to grant stay relief to allow litigation to continue in another forum "is within sound discretion of the Bankruptcy Court."  *In re Murray Indus., Inc.*, 121 B.R. at 636.

20.     Courts in bankruptcy proceedings generally rely upon a three-pronged balancing test to determine whether "cause" exists for granting relief from the stay to continue litigation in another court:

> (1)     Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
>
> (2)     Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor, and
>
> (3)     Whether the creditor has a probability of prevailing on the merits.

*In re Rashad*, 2011 WL 1770437 at *2 (Bkr. S.D. Tex. May 9, 2011); *In re Reisor Co., Inc.*, 46 B.R. 290, 291 (Bkr. W.D. La. 1985)); *In re Rexene Prods. Co.*, 141 B.R. at 576[2].

21.     However, not all factors may be relevant to each case.  *In re Young*, 2006 WL 3088225 at *3 (Bkr. S.D. Tex. October 20, 2006).  Further, the decision to lift the stay may be upheld "on judicial economy grounds alone."  *In re United States Brass Corp*., 176 B.R. 11, 13 (Bkr. E. D. Tex. 1994).

22.     As to the first factor, in this matter Debtor's estate will not suffer great prejudice as a result of the continuation of the Civil Action because Plaintiff is only seeking relief from the stay to reform the legal description in the Deed of Trust to more accurately describe the Property. Further, merely requiring Debtor to participate in civil litigation does not constitute "great prejudice" to the Debtor.  *In re Winterland*, 101 B.R. 547, 549 (Bkr. C.D. Ill. 1988); *In re Davis*,

---

[2] Although more extensive lists of factors that can be considered in deciding whether cause exists to grant relief from the stay to allow litigation against a debtor to proceed in another forum have been formulated, the *Rashad* factors appear to adequately capture the relevant considerations.  *In re Patel*, 2010 WL 3239128 (Bkr. S.D. Tex. August 16, 2010) (listing 12 factors); *In re Johnson*, 115 B.R. 634 (Bkr. D. Minn. 1989) (listing 7 factors); *In re Tricare Rehabilitation Systems, Inc.*, 181 B.R. 569 (Bkr. N.D. Ala. 1994) (comparing *Johnson* and *Curtis* and listing 6 factors).

692 F.2d 176, 178 (3rd Cir. 1982) (holding that cost, anxiety and inconvenience of defending oneself do not constitute irreparable injury so as to justify continuation of automatic stay); *Peterson*, 116 B.R. at 250 (holding that prospect of debtor incurring litigation expenses "does not constitute irreparable injury sufficient to justify continuation of the stay").

23. Second, if the stay is maintained, Plaintiff will suffer hardship in that it will be forced to pursue claim adjudication against Debtor in bankruptcy court, as well as to litigate separately against the Non-Debtor in another forum. The Plaintiff's claims against both the Debtor and the Non-Debtor involve the same core facts. Therefore, to force Plaintiff to undertake litigation in both the state court and the bankruptcy court would be burdensome and redundant. *Peterson*, 116 B.R. at 250 (granting stay relief where maintaining stay would force creditor "to undertake redundant litigation in state and bankruptcy court."). In light of the readily available forum of the Civil Action, continuing the automatic stay so that Plaintiff has to litigate the same core facts in two (2) forums would not only subject Plaintiff to unnecessary hardship, but would also be a waste of judicial resources. *Id.* (holding that "one of the primary purposes in granting relief from the stay to permit claim liquidation is to economize judicial resources"); *In re Rexene Prods. Co.*, 141 B.R. at 577 (lifting automatic stay and holding that judicial economy "dictates a prompt resolution in a single forum . . . ").

24. With respect to the third prong of the balancing test, Plaintiff appears to have a probability of prevailing on the merits of the Civil Action. *Continental Airlines*, 152 B.R. at 426 (holding that "even a slight probability of success on the merits may be sufficient to support lifting the automatic stay in an appropriate case"); *Peterson*, 116 B.R. at 249 (holding that "all that is required is that the movant make more than a 'vague initial showing' that [it] can establish a prima facia case"); *In re Rexene Prods. Co.*, 141 B.R. at 578 (holding that "only strong

defenses to state court proceedings can prevent a bankruptcy court from granting relief from the stay in cases . . . where [it] believe[s] the decision-making process should be relegated to bodies other than [the bankruptcy] court.")

**WHEREFORE**, Plaintiff respectfully requests that the Court enter the attached Agreed Order lifting the Section 362 automatic stay to permit Plaintiff to proceed in full against Debtor and all other defendants in the Civil Action, for the purpose of obtaining an adjudication of its claims against Debtor and all other Defendants, with any judgment obtained in the Civil Action as against Debtor to be presented to this Court for use in adjudicating Plaintiff's Proof of Claim. Plaintiff also requests all such other, further and different relief as to which they may be entitled.

Respectfully submitted, this, the 23rd day of April, 2026.

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:     */s/ Jake Adams*
        Jake Adams (MB #101538)
        1600 West End Avenue, Suite 2000
        Nashville, Tennessee 37203
        Tel. 615-726-5631
        Fax. 615-744-5631
        jadams@bakerdonelson.com

*Counsel for U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCAF Acquisition Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of April, 2026, a copy of the foregoing electronically filed *Motion for Entry of Agreed Order Lifting the Automatic Stay for Limited Purpose of Allowing the Chancery Court of Perry, County, Mississippi, to Adjudicate Quiet Title Action under Applicable State Law* was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

Thomas Carl Rollins, Jr
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236

United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 39201

David Rawlings
David Rawlings, Chapter 13 Trustee
P.O. Box 566
Hattiesburg, MS 39403

Christopher D Meyer
Burr & Forman, LLP
190 E Capitol St Ste M-100
Jackson, MS 39201

Capital One Auto Finance,
a division of Capital One, N.A.
c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

By:     */s/ Jake Adams*
         Jake Adams (MB #101538)

8