# EXHIBIT 1

FILED

AT                                    AM/PM

DEC 01 2025

LARRY A. WILSON  CHANCERY CLERK
                                    D C
PERRY COUNTY MISSISSIPPI

## IN THE CHANCERY COURT FOR PERRY COUNTY, MISSISSIPPI

U S BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY
AS OWNER TRUSTEE FOR RCAF
ACQUISITION TRUST

**PLAINTIFF**

**v**

CIVIL ACTION NO 25-CV-0090-S

JOHNNY RAY EUBANKS, TRUDIE D
EUBANKS, AND TINA PRICE

**DEFENDANTS**

## COMPLAINT

Plaintiff U S Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCAF Acquisition Trust ("U S Bank"), by and through its counsel, files this Complaint against the above-named Defendants and in support would show as follows

### I   PARTIES

1    Plaintiff U S Bank is a national bank insured by the FDIC with its principal place of business located at 800 Nicolette Mall  Minneapolis, Minnesota 55402

2    On information and belief, Defendant Johnny Ray Eubanks (' **Johnny Eubanks**") is an adult resident citizen of Beaumont, Perry County, Mississippi, and can be served with process at 2516 Highway 15 N, Beaumont, Mississippi 34923

3    On information and belief Defendant Trudie D Eubanks ( **Trudie Eubanks**") is an adult resident citizen of Beaumont, Perry County, Mississippi, and can be served with process at 2516 Highway 15 N Beaumont Mississippi 34923

4    On information and belief Defendant Tina Price ("**Tina** Price" and collectively with Johnny Eubanks and Trude Eubanks, the "**Defendants**') is an adult resident citizen of

4938 2231 2786 v 1

Case: 56CH1:25-cv-00090-S   Document #: 3   Filed: 12/01/2025   Page 2 of 65

Beaumont, Perry County, Mississippi, and can be served with process at 2516 Highway 15 N, Beaumont Mississippi 34923

## II   JURISDICTION AND VENUE

5   The property that is the subject of this Complaint is located in Perry County at 2516 Hwy 15 North, Beaumont MS 39423 ( "**Parcel #3**"), therefore, jurisdiction and venue are proper in this Court

## III   STATEMENT OF FACTS

6   The property at issue is described as Parcel #3 and Parcel #4 in an Agreed Judgment entered in this Court on May 5, 1994 (the "**Judgment** ) A true and correct copy of the Judgment is attached hereto as **Exhibit A**

7   Pursuant to the Judgment Annie Beth Rogers Chastain, Lena Faye Rogers Hudson and Reuben James Rogers received title to Parcel #3, which was referenced in the Judgment as Parcel #3 and more particularly described as follows

Parcel #3  Commence at the SE Corner of the NE 1/4 of the SW 1/4 of Sec 32 T3N, R9W, Perry County MS and run North along the East forty line for 388 0 ft to the point of beginning  thence North along the forty line for 352 0 ft , thence run West for 795 ft more or less to the East ROW of Highway 15  thence run Southwesterly along said ROW to a point lying west of the point of beginning, thence run East for 890 ft more or less  back to the point of beginning, said parcel is part of the NE 1/4 of the SE 1/4 of Sec 32  T3N  R9W, Perry County, Mississippi  and contains 6 8 acres, more or less

8   On July 9th, 1995, Annie Beth Rogers Chastain  Lena Faye Rogers Hudson and Reuben James Rogers, executed a Warranty Deed which was recorded in the Perry County Chancery Clerk's Office (the "**Parcel 3 Deed**") and conveyed the following described property

ALL REAL PROPERTY OWNED BY US LOCATED IN SECTION 32, TOWNSHIP 3 NORTH  RANGE 9 WEST PERRY COUNTY  MISSISSIPPI

2

A true and correct copy of the Parcel #3 Deed is attached hereto as **Exhibit B**

9   On June 13 2007, Johnny Eubanks executed a Warranty Deed to Johnny Eubanks and Trudie Eubanks, which was recorded in the Perry County Chancery Clerk's Office in Book 144, Page 480, on July 31 2007 (the "**Warranty Deed**") and conveyed the following described property

> ALL REAL PROPERTY OWNED BY US LOCATED IN SECTION 32, TOWNSHIP 3 NORTH, RANGE 9 WEST PERRY COUNTY, MISSISSIPPI

A true and correct copy of the Warranty Deed is attached hereto as **Exhibit C**

10   On June 13, 2007, Trudie Eubanks and Johnny Eubanks executed a deed of trust in favor of Chase Bank USA, N A, ("**Chase**'), which was recorded in the Perry County Chancery Clerk's Office on July 31, 2007 in Book 2010, Pg 294 (the "**Deed of Trust**") granting Chase a security interest in the Property which was described in Exhibit A of the Deed of Trust as follows

> APN 109E-32 006004

Exhibit A

Legal Description

The land referred to in this policy is situation in the State of MS, County of PERRY, City of BEAUMONT and described as follows

All real property owned by us located in Section 32, Township 3 North, Range 9 West Perry County, Mississippi

APN 109E-32-006004

WITH THE APPURTENANCES THERETO

APN 109E 32-006004

A true and correct copy of the Deed of Trust is attached hereto as **Exhibit D**

11   The Deed of Trust also contained the following on Page 3

3

***THE LIABILITY OF JOHNNY RAY EUBANKS IS LIMITED TO THE PROPERTY LOCATED AT 2516 HWY 15 N BEAUMONT MS 39423***

Parcel ID Number 109E 32 001 004          which currently has the address of
2516 Hwy 15 N
Beaumont Mississippi

12      On February 6 2013, Chase executed an Assignment of Mortgage / Deed of Trust assigning its interest in the Deed of Trust to JPMORGAN CHASE BANK, National Association ("**JPMORGAN CHASE**"), which was recorded on or about February 22, 2013, in the Perry County Chancery Clerk s Office in Book 234, Page 715 (the '**Assignment**") A true and correct copy of the Assignment is attached hereto as **Exhibit E**

13      On October 28, 2022, JPMORGAN CHASE executed an Assignment of Deed of Trust and Acknowledgement, assigning its interest in the Deed of Trust to MEB LOAN TRUST VII which was recorded on or about November 10, 2022, in Book 297 Page 20, in the Perry County Chancery Clerk's Office (the **MEB Assignment**") A true and correct copy of the MEB Assignment is attached hereto as **Exhibit F**

14      On March 29, 2024, MEB Loan Trust VII executed an Assignment of Deed of Trust assigning its interest in the Deed of Trust to Plaintiff, which was recorded on or about April 11, 2024, in the Perry County Chancery Clerk's Office in Book 304 Page 168 ('**Plaintiff's Assignment**") A true and correct copy of Plaintiff's Assignment is attached hereto as **Exhibit G**

15      Pursuant to the Perry County Tax Map ("**Tax Map**") Parcel #3 is referenced as Parcel 1 004 The full Assessor s Parcel Number is 109E-32 001 004 A true and correct copy of the Tax Map is attached hereto as **Exhibit H**

16      As set forth on the Tax Map, the home built on Parcel #3 (the **Home** ), encroaches on Parcel 1 005 ("**Parcel #4**)

4

4840 4042 1693 v1
1039384-000173 01/10/2017

17    A survey performed by Midsouth Surveying and Mapping, LLC also confirms that the Home straddles the line between Parcel #3 and Parcel #4 A true and correct copy of the survey is attached hereto as **Exhibit I**

18    Pursuant to the Judgment, Parcel #4 was awarded to Catherine Sue Ivey Eubanks and her husband, Aubrey Eubanks, and further described as follows

> Parcel #4 Commence at the SE corner of the NE ¼ of the SW ¼ of Sec 32, T3N, R9W, Perry County, Mississippi, for the point of beginning, thence run North along the East forty line for 388 0 ft , thence run West for 890 ft more or less to the East ROW of Highway 15, then run Southwesterly for 225 ft more or less to the Eubanks property, thence run S 89° 22' E for 270 ft more or less to the NE corner of the Eubanks property, then run S 00°02'E for 146 2 ft then run West for 38 9 ft then run S 04°43'W 29 9 Ft , then run S 89°20'E for 715 1 ft back to the point of beginning Said parcel of land is part of the NE ¼ of the SW ¼ of Sec 32, T3N, R9W Perry County Mississippi, and contains 7 4 acres more or less

19    On April 17 2014 Catherine Sue Ivey Eubanks executed a Warranty Deed Reserving Life Estate, to her children Johnny Eubanks and Tina Price which was recorded in the Perry County Chancery Clerk s Office in Book 174, Page 166, on May 15, 2014 (the "**Parcel #4 Deed**") A true and correct copy of the Parcel #4 Deed is attached hereto as **Exhibit J**

20    Aubrey Eubanks passed away on December 30 2010 Catherine Sue Ivey Eubanks passed away on December 13 2015 A true and correct copy of their obituaries are attached hereto as **Exhibit K**

21    Pursuant to the Parcel #4 Deed, Parcel #4 is now owned jointly by Johnny Eubanks and his sister, Tina Price Although she owns Parcel #4 jointly with her brother Tina Price is not a party to the Deed of Trust

22    The Home on the Property was financed by the loan that Johnny Eubanks and Trudy Eubanks obtained from Chase as assigned to Plaintiff

4840-4042 1693 v1
1039384-000173 01/10/2017

## IV    COUNT 1  DECLARATORY JUDGMENT

23    Plaintiff reasserts and realleges each and every allegation of the foregoing paragraphs and incorporates the same by reference

24    The proper legal description of the Property was in the chain of title as contained in the Judgment and is as follows

Parcel #3  Commence at the SE Corner of the NE 1/4 of the SW 1/4 of Sec 32, T3N R9W, Perry County, MS and run North along the East forty line for 388 0 ft, to the point of beginning  thence North along the forty line for 352 0 ft , thence run West for 795 ft  more or less to the East ROW of Highway 15, thence run Southwesterly along said ROW to a point lying west of the point of beginning thence run East for 890 ft more or less, back to the point of beginning, said parcel is part of the NE 1/4 of the SE 1/4 of Sec 32 T3N R9W, Perry County, Mississippi, and contains 6 8 acres, more or less

25    Accordingly, Plaintiff requests that the Court declare Plaintiff's rights to a lien on the Property as described in the Judgment  Specifically, Plaintiff seeks declaratory relief that its Deed of Trust encumbers the Property as described in the Judgment  Plaintiff further seeks declaratory relief that the lien encumbers the Home that encroaches on Parcel #4

## V    COUNT 2  REFORMATION

26    Plaintiff reasserts and realleges each and every allegation of the foregoing paragraphs and incorporates the same by reference

27    The Deed of Trust and the Assignments (collectively, the "**Deed of Trust as Assigned**") do not contain the proper legal description  Specifically the Deed of Trust as Assigned does not describe the parcel of property the parties intended to secure the Note

28    Accordingly Plaintiff respectfully requests that the legal description in the Deed of Trust as Assigned  be reformed to include the legal description to the Property as follows

Parcel #3  Commence at the SE Corner of the NE 1/4 of the SW 1/4 of Sec 32, T3N R9W Perry County, MS and run North along the East forty line for 388 0 ft, to the point of beginning, thence North along the forty line for 352 0 ft  thence run West for 795 ft  more or less to the East ROW of Highway 15  thence run

6

4840 4042 1693 v1
1039384 000173 01/10/2017

Southwesterly along said ROW to a point lying west of the point of beginning, thence run East for 890 ft more or less, back to the point of beginning, said parcel is part of the NE 1/4 of the SE 1/4 of Sec 32, T3N, R9W, Perry County, Mississippi, and contains 6 8 acres, more or less

## VI    COUNT 3 EQUITABLE LIEN

29    Plaintiff reasserts and realleges each and every allegation of the foregoing paragraphs and incorporates the same by reference

30    Johnny Eubanks and Trudie Eubanks used loan proceeds from Plaintiff to purchase the Home on the Property, and pledged the Property as collateral for the loan

31    Tina Price is not a party to the Deed of Trust but the Home encroaches on Parcel #4 which she owns jointly with her brother, Johnny Eubanks who is a party to the loan and has personally benefitted from the loan

32    Tina Price would be unjustly enriched if she were permitted to profit from the value of the Home, for which she did not pay, if she were permitted to own the Home and such ownership was not subject to the Deed of Trust which Plaintiff relied upon in making the loan to Johnny Eubanks and Trudie Eubanks

33    Plaintiff is entitled to an equitable lien on that portion of the Home that encroaches on Parcel #4

## VII    COUNT 4 PARTITION PLAINTIFF REASSERTS AND REALLEGES EACH AND EVERY ALLEGATION OF THE FOREGOING PARAGRAPHS AND INCORPORATES THE SAME BY REFERENCE

34    In the alternative, Parcel #4 should be partitioned in kind to divide Parcel #4 from Parcel #3 in such a way that Johnny Eubanks' and Trudie Eubanks interest in the Home is not shared with Tina Price

35    The partition in kind should further preserve Plaintiff's security interest in Parcel #3 and the Home and reform the Deed of Trust and Assignment of Deed of Trust to preserve

4840 4042 1693 v1
1039384-000173 01/10/2017

Plaintiff's security interest in Parcel #3 in such a way that Parcel #3 fully incorporates the entirety of the Home, even that portion of the Home that encroaches on Parcel #4

## VIII   COUNT 5  QUIET TITLE

36   Plaintiff reasserts and realleges each and every allegation of the foregoing paragraphs and incorporates the same by reference

37   Title to the Property, including that portion of Parcel #4 encroached on by the Home should be quieted in Johnny Eubanks and Trudie Eubanks and the Deed of Trust and the Assignments to the Deed of Trust should be reformed to reflect that title has been quieted in Johnny Eubanks and Trudie Eubanks

WHEREFORE, the Plaintiff prays that this Court would enter an order reforming the legal description in the Deed of Trust and the Assignment to the Deed of Trust   Plaintiff also requests that any order entered also direct the Chancery Clerk of Perry County  Mississippi to file the order in the land records, make marginal notations referencing this Order on both the Deed of Trust and Assignments of Deed of Trust  reflecting the reformation, and re-index the reformed Deed of Trust and Assignment of Deed of Trust accordingly   Plaintiff further requests an order granting Plaintiff an equitable lien in that portion of the Home that encroaches on Parcel #4  In the alternative, Plaintiff requests an order partitioning that portion of Parcel #4 that is encroached on by the Home and reforming the Deed of Trust to encumber that portion of the Home that encroaches on Parcel #4  Plaintiff also requests that the Court award such other and further relief as it may deem just and proper

This the ___ day of November, 2025

8

4840 4042 1693 v1
1039384-000173 01/10/2017

Respectfully submitted,

**U S BANK TRUST NATIONAL
ASSOCIATION, NOT IN ITS INDIVIDUAL
CAPACITY BUT SOLELY AS OWNER
TRUSTEE FOR RCAF ACQUISITION
TRUST**


By its attorneys,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

BY  _s/Jake Adams_
      JAKE ADAMS

OF COUNSEL

Jake Adams (MSB #101538)
BAKER  DONELSON  BEARMAN
 CALDWELL & BERKOWITZ, PC
1600 West End Avenue  Suite 2000
Nashville, TN 37203
Telephone  (615) 726-5631
jadams@bakerdonelson com

9

4840 4042 1693 v1
1039384 000173 01/10/2017

# EXHIBIT A

FILED

IN THE CHANCERY COURT OF PERRY COUNTY MISSISSIPPI MAY 0 5 1994

DAN READY CH. CLK
BY _____ DEPUTY CLERK
PERRY COUNTY MISSISSIPPI

CATHERINE SUE IVEY EUBANKS
ERNEST EDWARD IVEY, ANNIE BETH
ROGERS CHASTAIN, LENA FAYE
ROGERS HUDSON AND REUBEN J ROGERS     PLAINTIFFS

VERSUS                                CIVIL ACTION NO  07-92-2286-D

HENRY W  IVEY                         DEFENDANT

## AGREED JUDGMENT

THIS CAUSE came on to be heard on the 20th day of April, 1994, and the matter having been called and after conference between the parties, it was announced by counsel for all the parties an agreement had been reached  The Court finds it has jurisdiction of the subject matter and of the parties and the Court had heretofore entered an order directing a partition in kind of the property, the property being divided into four parcels equal in value  The Court appointed L  Eugene Alexander of Wiggins, Mississippi, to make said partition and upon this having been done and all parties being represented in this cause and in fact, all parties being present in person, with the exception of Mary Elizabeth Ivey Hinton, Patsy Nell Ivey Miller and Reuben James Rogers, an agreeable division had been reached by members of their family  The Court finds the property to be divided is as follows, to-wit

> The Northeast Quarter of the Southwest Quarter, Section 32, Township 3 North, Range 9 West, Perry County, Mississippi, less and except the following parcels:
>
> Parcel No. 1:  Beginning at the Southeast corner of the Northwest 1/4 of the Southwest 1/4, Section 32,

Township 3 North Range 9 West, Perry County, Run West 109 feet or to the G M & O Railroad right-of-way; thence 565 feet East of North 6 1/2 degrees; thence 216 feet East of South 38 degrees; thence South 390 feet to point of beginning, same being a part of Northwest 1/4 of Southwest 1/4 Also another parcel of land beginning at the SE corner of the Northwest 1/4 of Southwest 1/4 Also, another parcel of land beginning at the SE corner of the NW 1/4 of SW 1/4 Section 32, Township 3 North Range 9 West run East 156 feet or to the old Highway 15 right-of-way; thence 420 feet West of North 21 1/2 degrees; thence South 390 feet to the point of beginning, same being part of Northeast 1/4 of Southwest 1/4 both parcels consisting of 2 7 acres, more or less

Parcel No 2 Beginning at a point where the North boundary line of the Northeast 1/4 of Southwest 1/4, Section 32, Township 3 North, Range 9 West, intersects the West boundary line of Mississippi Highway No 15, thence in a Southernly direction along the Western right-of-way line of said Highway for a distance of 557 7 feet to the point of beginning; thence in a Southernly direction along the Western right-of-way line of said Highway 200 feet, thence West 97 6 feet, thence South 100 feet thence East 75 feet to the Western right-of-way line of said Highway, thence in Southernly direction along the Western right-of-way line of said Highway 266 5 feet, thence West 121 feet to the East right-of-way line of old Highway; thence running Northwest along said old Highway right-of-way 600 feet thence East 443 feet to point of beginning Containing 3 3 acres more or less

Parcel No 3 Beginning at the Southwest corner of the Northeast 1/4 of Southwest 1/4, Section 32, Township 3 North, Range 9 West, run East 310 feet to the East boundary line of Mississippi Highway No 15 to the point of beginning, thence North 10 degrees East along the Eastern right-of-way line of said Highway for a distance of 173 feet, thence East 176 feet, thence South 171 feet, thence West 200 feet, to point of beginning

The Court finds L Eugene Alexander, the Special Commissioner did in fact go upon the property and equally divide the property in value and said parcels being numbered

2

1 through 4 on the drawing attached hereto and made a part
hereof as if copied in full herein together with the
descriptions of each parcel of property   The Court finds the
parties agreed Parcels 1 and 1A be partitioned and set aside
for the heirs-at-law of Henry Ivey, who departed this life on
October 3  1993  who are as follows  to-wit:

A     Henry Wayne Ivey   Social Security #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
Route 1  Box 32B  Beaumont  Mississippi  39423;

B     James Mitchell Ivey  Social Security #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

24 Second Street (Bond) Wiggins, Mississippi  39423,

C     Mary Elizabeth Ivey Hinton, Arlington Community,
Beaumont, Perry County, Mississippi  39423  and

D     Patsy Nell Ivey Miller, RFD Leakesville, Mississippi
39451

The Court sets aside Parcels 1 and 1-A described as
follows to these four people to be held as tenants in common

> Parcel #1:  Commence at the SE corner of the NE 1/4
> of the SW 1/4 of Sec  32, T3N, R9W, Perry County
> MS, and run North along the East forty line for
> 1336 1 ft   thence run N 89°20 W for 834 0 ft   to
> the West ROW  of Highway 15 to the point of
> beginning  thence run N 89°20 W for 467 1 feet to
> the West forty line  thence run South along the
> West forty line for 884 8 ft , thence run East for
> 33 4 ft ,  thence run N 01 42 E for 370 4 ft ,
> thence run S 89°40 E for 308 8 ft  to the West ROW
> of said highway, thence run Northeasterly along
> West ROW of said highway for 491 4 ft  back to the
> point of beginning  Said parcel of land is part of
> the NE 1/4 of the SW 1/4, Sec  32, T3N, R9W, Perry
> County, Mississippi, and contains 4 9 acres, more
> or less

> Parcel #1-A:  Commence at the SE corner of the NE
> 1/4 of the SW 1/4, Sec  32, T3N, R9W  Perry County
> MS, and run North along the East forty line for

3

720 0 ft to the point of beginning; thence run North along said forty line for 161 1 ft ; thence run West for 745 ft more or less to the East ROW of Highway 15; thence run Southwesterly along said ROW for 170 ft more or less to a point lying West of the point of beginning; thence run East for 700 ft more or less back to the point of beginning Said parcel of land is part of the NE 1/4 of the SW 1/4 of Sec 32, T3N, R9W Perry County, Mississippi and contains 2 8 acres, more or less

The parcel to be set aside as the property of Ernest Edward Ivey, Social Security #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 Route 1, Box 15220 Bethel Hill Road Ocean Springs Mississippi 39564 is described on Exhibit A attached hereto and made a part hereof as if copied in full herein and described as Parcel 2

Parcel #2: Commence at the SE corner of the NE 1/4 of the SW 1/4 of Sec 32, T3N, R9W, Perry County, MS, and run North along the East forty line for 901 1 ft to the point of beginning, thence run North along said forty for 435 0 ft ; thence run N 89 20 W for 645 ft more or less to the East ROW of Highway 15, thence run Southwesterly 450 ft more or less to a point lying West of the point of beginning, thence run East 795 ft more or less back to the point of beginning Said parcel of land is part of the NE 1/4 of the SW 1/4 of Sec 32 T3N R9W, Perry County, Mississippi, and contains 7 0 acres, more or less

The Court finds and the parties agree Parcel 3 shown on Exhibit A attached hereto and made a part hereof as if copied in full herein is hereby set aside and becomes the property of the following persons and they will own said property as tenants in common, to-wit

A   Annie Beth Rogers Chastain, Social Security #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, 1301 Andrews Court, Lawrenceville, Georgia 30245

B   Lena Faye Rogers Hudson, Social Security #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 383 Summit Ridge Drive Lawrenceville Georgia 30245

+ Reuben James Rogers

4

and

C    Reuben James Rogers, 1962 Winding Creek Drive, Marietta, Georgia 30064

Parcel #3: Commence at the SE corner of the NE 1/4 of the SW 1/4 of Sec 32, T3N, R9W, Perry County MS and run North along the East forty line for 388 0 ft to the point of beginning; thence North along the forty line for 352 0 ft ; thence run West for 795 ft more or less to the East ROW of Highway 15; thence run Southwesterly along said ROW to a point lying west of the point of beginning; thence run East for 890 ft more or less, back to the point of beginning; said parcel is part of the NE 1/4 of the SE 1/4 of Sec 32 T3N R9W Perry County Mississippi and contains 6 8 acres more or less

The property set aside to Catherine Sue Ivey Eubanks and her husband, Aubrey Eubanks, as joint tenants with full right of survivorship, Mrs Eubanks Social Security #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, Post Office Box 17, Beaumont, Mississippi 39423   Parcel 4 as shown on Exhibit A attached hereto and made a part hereof as if copied in full herein will be the property owned and set aside for these parties

Parcel #4: Commence at the SE corner of the NE 1/4 of the SW 1/4 of Sec 32, T3N, R9W, Perry County, Mississippi, for the point of beginning, thence run North along the East forty line for 388 0 ft , thence run West for 890 ft more or less to the East ROW of Highway 15, thence run Southwesterly for 225 ft more or less to the Eubanks property thence run S 89°22 E for 270 ft more or less to the NE corner of the Eubanks property, thence run S 00°02 E for 146 2 ft thence run West for 38 9 ft thence run S 04°43 W 29 9 ft , thence run S 89°20'E for 715 1 ft back to the point of beginning Said parcel of land is part of the NE 1/4 of the SW 1/4 of Sec 32, T3N, R9W, Perry County, Mississippi, and contains 7 4 acres, more or less

The Court finds further the voluntary partition of the

5

property among the owners of the property is hereby ratified and approved and becomes the finding of this Court  The Clerk of this Court shall index in the land deed records of Perry County, Mississippi  this judgment  which shall act as a partition deed setting aside to the above mentioned parties the property as hereinabove described and no partition deeds will be necessary  This Court order shall act as a deed conveying to the parties said property

The Court finds further L  Eugene Alexander charged the sum of $700 00, a copy of said bill being on file in this cause, shall be assessed as court costs and the court costs shall be paid equally between the four (4) families and shall be paid within thirty (30) days from and after the date of this order and become a lien on the property until paid in full  Each party shall pay their prorata one-fourth (1/4) of the court costs within said time  It is, therefore,

ORDERED  ADJUDGED AND DECREED the findings of the Court become the order of this Court as if fully reiterated in the ordering portion of this Judgment and said cause has been finally and completely finished and this is the final judgment which sets aside to each of the above mentioned individuals their interest in and to the property subject to this lawsuit and title is quieted in the parties hereinabove described in the parcels described and set aside for them

THUS  ORDERED  AND  DONE  on  this,  the  27  day  of _____, 1994

6

CHANCELLOR

APPROVED AS TO FORM:

HENRY WAYNE IVEY  JAMES
MITCHELL IVEY, MARY
ELIZABETH IVEY HINTON,
AND PATSY NELL IVEY MILLER

BY:
LOUIE F RUFFIN
Their Attorney

CATHERINE SUE IVEY EUBANKS
ERNEST EDWARD IVEY, ANNIE BETH
ROGERS CHASTAIN, LENA FAYE
ROGERS HUDSON AND REUBEN J ROGERS

BY:
JACK PARSONS
Their Attorney

7

STATE OF MISSISSIPPI
COUNTY OF PERRY

I, Dan Ready, by Chancery Clerk of Perry County do hereby certify that the foregoing _____ Agreed Judgment and the same appears on file in my office. Given under my hand and official seal on this the ___5th___ day of ___May___, 19 94

DAN READY Chancery Clerk.

By _____ D C

STATE OF MISSISSIPPI Perry County

Filed for record on the 5th day of ___May___, 19 94 at 10:00 o'clock A. M. and recorded this the 5th day of ___May___, 19 94 in ___Deed___ Record No ___96___ at Page 595-603

DAN READY Chancery Clerk

By _____ D C.



# EXHIBIT B



# EXHIBIT C

STATE OF MISSISSIPPI
COUNTY OF PERRY
I certify that this instrument was filed for record at 11:30 A. M. on the [illegible] day of [illegible], 20 07 at my office at New Augusta, Mississippi, and was recorded in Book [illegible] Page [illegible] on the [illegible] day of [illegible] A.D. 2007
[illegible] CLERK

* Needs a correct legal

### WARRANTY DEED

JOHNNY RAY EUBANKS TO JOHNNY RAY EUBANKS AND WIFE, TRUDIE D EUBANKS

516 HWY 15 NORTH
BEAUMONT MS 39423

2516 HWY 15 NORTH
BEAUMONT MS 39423

For and in consideration of Ten Dollars ($10 00), cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, I, JOHNNY RAY EUBANKS, do hereby sell convey and warrant to JOHNNY RAY EUBANKS AND WIFE, TRUDIE D EUBANKS as tenants by the entirety with the right of survivorship, not as tenants in common, the following described property-

*ALL REAL PROPERTY OWNED BY US LOCATED IN SECTION 32 TOWNSHIP 3 NORTH RANGE 9 WEST PERRY COUNTY MISSISSIPPI*

WITNESS MY SIGNATURE, this the 13th day of June, 2007

Recording requested by: LSI
When recorded return to
Custom Recording Solutions
2550 N. Redhill Ave.
Santa Ana, CA. 92705
800-756-3524 Ext. 5011 35 1127

Johnny Ray Eubanks
JOHNNY RAY EUBANKS

THIS DOCUMENT IS FILED FOR RECORD BY FIDELITY NATIONAL TITLE INS., CO AS AN ACCOMMODATION ONLY IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS EFFECT UPON THE TITLE.

480

STATE OF MISSISSIPPI

COUNTY OF PERRY

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, JOHNNY RAY EUBANKS, who acknowledged that he signed and delivered the above and foregoing WARRANTY DEED on the day and year therein mentioned as his own act and deed.

Given under my Hand and Seal of Office, this, the 13th day of June, 2007

NOTARY PUBLIC    JAMES A Pullam

MY COMMISSION EXPIRES October 19, 2008

Prepared by:

THOMAS M McELROY P.A
301 NORTH BROADWAY
P O BOX 1450
TUPELO MS 38802

MY COMMISSION EXPIRES:
October 19, 2008

MSB NO 2543

| PHONE | (662) 842 3723 |
|---|---|
| FAX | (662) 842-3744 |
| e-mail | tmm@tmmcelroypa.net |

481

APN 109E-32-006004

Order ID 3511217
Loan No  BL503197HH

### EXHIBIT A
### LEGAL DESCRIPTION

The land referred to in this policy is situated in the State of MS  County of PERRY  City of BEAUMONT and described as follows:

All real property owned by us located in Section 32, Township 3 North  Range 9 West Perry County, Mississippi.

APN 109E 32-006004
WITH THE APPURTENANCES THERETO
APN 109E-32 006004

# EXHIBIT D

X26722389

Recording requested by LSI
When recorded return to
**Custom Recording Solutions**
2550 N Redhill Ave
Santa Ana, CA 92705
800 756 3524 Ext 5011  3511217

Prepared By
Michelle Brooks (800) 850-4250
504 VIRGINIA DRIVE
FORT WASHINGTON PA 19034

STATE OF MISSISSIPPI
COUNTY OF PERRY
I certify that this instrument was filed for record at 11 30
AM on the 31st day of July, 2007
at my office in New Augusta, Mississippi, and was recorded in Book
Page 254-961 this 31st day
of July AD 2007

---------------------- [Space Above This Line For Recording Data] ----------------------

## DEED OF TRUST

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections
3 11 13 18, 20 and 21  Certain rules regarding the usage of words used in this document are also provided
in Section 16

(A)  Security Instrument  means this document, which is dated  June 13  2007
together with all Riders to this document.
(B)  Borrower  is
TRUDIE D EUBANKS AND HUSBAND  JOHNNY RAY EUBANKS
AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF
SURVIVORSHIP  NOT AS TENANTS IN COMMON

Borrower is the trustor under this Security Instrument
(C)  Lender  is  CHASE BANK USA  N A

Lender is a  nationally chartered bank
organized and existing under the laws of  UNITED STATES OF AMERICA

MISSISSIPPI -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3025 1/01

-6(MS) (0005)          TDE
Pag 1 of 16          Initials:
VMP MORTGAGE FORMS (800)521 729 TRE


272     EUBANKS          BL503197BK


254

Lender's address is 200 White Clay Center Drive  Newark  DE  19711

Lender is the beneficiary under this Security Instrument.
(D)  Trustee  is  Jay Morris  Attorney

(E)  Note  means the promissory note signed by Borrower and dated  June 13   2007
The Note states that Borrower owes Lender
TWO HUNDRED THREE THOUSAND NINE HUNDRED & 00/100                    Dollars
(U S $        203 900 00       ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than  June 20   2037
(F)  Property  means the property that is described below under the heading  Transfer of Rights in the
Property
(G)  Loan  means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest
(H)  Riders  means all Riders to this Security Instrument that are executed by Borrower  The following
Riders are to be executed by Borrower [check box as applicable]

☐ Adjustable Rate Rider   ☐ Condominium Rider            ☐ Second Home Rider
☐ Balloon Rider           ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider                ☐ Biweekly Payment Rider        ☐ Other(s) [specify]

(I)  Applicable Law  means all controlling applicable federal state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J)  Community Association Dues Fees, and Assessments  means all dues  fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization
(K)  Electronic Funds Transfer  means any transfer of funds other than a transaction originated by check,
draft, or similar paper instrument  which is initiated through an electronic terminal  telephonic instrument,
computer  or magnetic tape so as to order instruct or authorize a financial institution to debit or credit an
account  Such term includes but is not limited to point-of sale transfers  automated teller machine
transactions, transfers initiated by telephone  wire transfers, and automated clearinghouse transfers.
(L)  Escrow Items  means those items that are described in Section 3
(M)  Miscellaneous Proceeds  means any compensation settlement, award of damages, or proceeds paid by
any third party (other than insurance proceeds paid under the coverages described in Section 5) for  (I)
damage to  or destruction of  the Property  (ii) condemnation or other taking of all or any part of the Property
(iii) conveyance in lieu of condemnation  or (iv) misrepresentations of  or omissions as to  the value and/or
condition of the Property
(N)  Mortgage Insurance  means insurance protecting Lender against the nonpayment of  or default on  the
Loan.
(O)  Periodic Payment  means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P)  'RESPA  means the Real Estate Settlement Procedures Act (12 U.S C. Section 2601 et seq ) and its
implementing regulation  Regulation X (24 C.F.R. Part 3500)  as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter  As used in this
Security Instrument  RESPA  refers to all requirements and restrictions that are imposed in regard

TDE
Initials: ___
JRC

-6(MS) (0005)                          Page 2 of 15                          Form 3025  1/01

272      EUBANKS                    BL503197HH

255

to a federally related mortgage loan even if the Loan does not qualify as a federally related mortgage loan under RESPA

(Q) Successor in Interest of Borrower' means any party that has taken title to the Property whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender (i) the repayment of the Loan and all renewals, extensions and modifications of the Note and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of Perry

[Type of Record g Jurisdictio ]        [Nam f Recording Junsd ton]

EXHIBIT

All that tract or parcel of land as shown on Schedule A attached hereto which is incorporated herein and made a part hereof
***THE LIABILITY OF JOHNNY RAY EUBANKS IS LIMITED TO THE PROPERTY LOCATED
     AT  2516 HWY 15 N   BEAUMONT   MS  39423***

Parcel ID Number  109E 32 001 004                          which currently has the address of
2516 HWY 15 N                                                                    [Street]
BEAUMONT                                          [City]  Mississippi    39423   [Zip Code]
( Property Address )'

   TOGETHER WITH all the improvements now or hereafter erected on the property and all easements, appurtenances and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property

   BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered except for encumbrances of record Borrower warrants and will defend generally the title to the Property against all claims and demands subject to any encumbrances of record

   THIS SECURITY INSTRUMENT combines uniform covenants for national use and non uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

   UNIFORM COVENANTS Borrower and Lender covenant and agree as follows

   1  Payment of Principal Interest, Escrow Items, Prepayment Charges and Late Charges Borrower shall pay when due the principal of, and interest on the debt evidenced by the Note and any prepayment charges and late charges due under the Note Borrower shall also pay funds for Escrow Items

TDE

Initials
JRE

-6(MS) (0005)                         Page 3 of 15                              Form 3025 1/01

          272      EUBANKS                      BL503197RH

256

pursuant to Section 3 Payments due under the Note and this Security Instrument shall be made in U.S currency However if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms as selected by Lender (a) cash (b) money order (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency instrumentality or entity or (d) Electronic Funds Transfer

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15 Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower If not applied earlier such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2 Application of Payments or Proceeds. Except as otherwise described in this Section 2 all payments accepted and applied by Lender shall be applied in the following order of priority (a) interest due under the Note (b) principal due under the Note (c) amounts due under Section 3 Such payments shall be applied to each Periodic Payment in the order in which it became due Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note

Any application of payments, insurance proceeds or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments

3 Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full a sum (the Funds) to provide for payment of amounts due for (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property (b) leasehold payments or ground rents on the Property if any (c) premiums for any and all insurance required by Lender under Section 5 and (d) Mortgage Insurance premiums If any or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10 These items are called "Escrow Items At origination or at any time during the term of the Loan Lender may require that Community Association Dues Fees and Assessments, if any be escrowed by Borrower and such dues fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds

*T D E*
*Initials*
*J R E*

-0(MS) (0005)                    Pr 4 of 15                    Form 3025 1/01

272    EUBANKS                    BL503197HH

257

for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver Borrower shall pay directly when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and If Lender requires shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase covenant and agreement is used in Section 9 If Borrower is obligated to pay Escrow Items directly pursuant to a waiver and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3

Lender may at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law

The Funds shall be held in an institution whose deposits are insured by a federal agency instrumentality or entity (including Lender If Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA Lender shall not charge Borrower for holding and applying the Funds annually analyzing the escrow account or verifying the Escrow Items unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds Lender shall not be required to pay Borrower any interest or earnings on the Funds Borrower and Lender can agree in writing, however that interest shall be paid on the Funds. Lender shall give to Borrower without charge an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow as defined under RESPA Lender shall account to Borrower for the excess funds in accordance with RESPA If there is a shortage of Funds held in escrow as defined under RESPA, Lender shall notify Borrower as required by RESPA and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA but in no more than 12 monthly payments If there is a deficiency of Funds held in escrow as defined under RESPA Lender shall notify Borrower as required by RESPA and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA but in no more than 12 monthly payments

Upon payment in full of all sums secured by this Security Instrument Lender shall promptly refund to Borrower any Funds held by Lender

4 Charges Liens. Borrower shall pay all taxes, assessments charges fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property if any and Community Association Dues, Fees, and Assessments if any To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender but only so long as Borrower is performing such agreement (b) contests the lien in good faith by or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4

TDE

Initials.

JRE

⟨VMP⟩-6(MS) (0005)          Page 5 of 15          F rm 3025 1/01

272     EUBANKS          RL503197RH

258

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5 Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire hazards included within the term extended coverage and any other hazards including but not limited to earthquakes and floods for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires What Lender requires pursuant to the preceding sentences can change during the term of the Loan The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice which right shall not be exercised unreasonably Lender may require Borrower to pay in connection with this Loan either (a) a one-time charge for flood zone determination certification and tracking services or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower

If Borrower fails to maintain any of the coverages described above Lender may obtain insurance coverage at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage Therefore, such coverage shall cover Lender but might or might not protect Borrower Borrower's equity in the Property or the contents of the Property against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest upon notice from Lender to Borrower requesting payment

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates If Lender requires Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices If Borrower obtains any form of insurance coverage, not otherwise required by Lender for damage to or destruction of, the Property such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender Lender may make proof of loss if not made promptly by Borrower Unless Lender and Borrower otherwise agree in writing any insurance proceeds, whether or not the underlying insurance was required by Lender shall be applied to restoration or repair of the Property if the restoration or repair is economically feasible and Lender's security is not lessened During such repair and restoration period Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction provided that such inspection shall be undertaken promptly Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds Fees for public adjusters or other third parties retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower If the restoration or repair is not economically feasible or Lender's security would be lessened the insurance proceeds shall be applied to the sums secured by this Security Instrument whether or not then due with the excess if any paid to Borrower Such insurance proceeds shall be applied in the order provided for in Section 2

TDE

Initials

JRE

-6(MS) (0005)                    Pg 5 of 15                         Form 3025  1/01

272      EUBANKS                    BL503197HH

259

If Borrower abandons the Property Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim then Lender may negotiate and settle the claim. The 30 day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6 Occupancy Borrower shall occupy establish and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld or unless extenuating circumstances exist which are beyond Borrower's control.

7 Preservation Maintenance and Protection of the Property Inspections Borrower shall not destroy damage or impair the Property allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to or the taking of the Property Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause Lender may inspect the interior of the improvements on the Property Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8 Borrower's Loan Application. Borrower shall be in default if during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to representations concerning Borrower's occupancy of the Property as Borrower's principal residence

9 Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations) or (c) Borrower has abandoned the Property then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property and securing and/or repairing the Property Lender's actions can include but are not limited to (a) paying any sums secured by a lien which has priority over this Security Instrument (b) appearing in court, and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes but is not limited to entering the

TDE
Initials _____
JRE

-6(MS) (0005)          Page 7 of 15          Form 3025 1/01

272      ZUBANKS          BL503197HH



Property to make repairs change locks replace or board up doors and windows drain water from pipes eliminate building or other code violations or dangerous conditions and have utilities turned on or off Although Lender may take action under this Section 9 Lender does not have to do so and is not under any duty or obligation to do so It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9

Any amounts disbursed by Lender under th s Section 9 shall become additional debt of Borrower secured by this Security Instrument These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing

10 Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtai ed from Mortgage Insurance premiums).

As a result of these agreements Lender any purchaser of the Note, another insurer any reinsurer any other entity or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer the arrangement is often termed captive reinsurance. Further

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance or any other terms of the Loan Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund

-6(MS) (0006)                Pg 8 of 18        Initials: _TDE_ / _JRE_        Form 3025 1/01

272   EUBANKS                    BLS03197BH

261

(b) Any such agreements will not affect the rights Borrower has  if any  with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law  These rights may include the right to receive certain disclosures  to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination

11  Assignment of Miscellaneous Proceeds  Forfeiture  All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property  if the restoration or repair is economically feasible and Lender's security is not lessened  During such repair and restoration period  Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction  provided that such inspection shall be undertaken promptly  Lender may p y for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds  Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds  If the restoration or repair is not economically feasible or Lender's security would be lessened  the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess  if any  paid to Borrower  Such Miscellaneous Proceeds shall be applied in the order pro ided for in Section 2

In the event of a total taking  destruction, or loss in value of the Property  the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument  whether or not then due, with the excess  if any  paid to Borrower

In the event of a partial taking  destruction  or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction  or loss in value is equal to or greater than  the amount of the sums secured by this Security Instrument  immediately before the partial taking  destruction  or loss in value, unless Borrower and Lender otherwise agree in writing  the sums secured by this Security Instrument  shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction  (a) the total amount of the sums secured immediately before the partial taking  destruction  or loss in value di ided by (b) the fair market value of the Property immediately before the partial taking  destruction  or loss in value  A  y balance shall be paid to Borrower

In the e ent of a partial taking  destruction  or loss in value of the Property in which the fair market value of the Property  immediately before the partial taking, destruction  or loss i  value is less than the amount of the sums secured immediately before the partial taking  destruction  or loss in value, unless Borrower and Lender otherwise agree in writing  the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower  or if after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages  Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument  whether or not then due  Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds

Borrower shall be in default if any action or proceeding  whether civil or criminal, is begun that  in Lender's judgment  could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19  by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment  precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

TDE

Initials ____

JRE

-6(MS) (0008)     Pg 9 of 8     F rm 3025  1/01

272     EUBANKS     BL503197RH

26?

12  Borrower Not Released  Forbearance By Lender Not a Waiver  Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower  Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower  Any forbearance by Lender in exercising any right or remedy including without limitation  Lender's acceptance of payments from third persons  entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy

13  Joint and Several Liability  Co-signers  Successors and Assigns Bound  Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However  any Borrower who co signs this Security Instrument but does not execute the Note (a  co signer")  (a) is co signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument  (b) is not personally obligated to pay the sums secured by this Security Instrument  and (c) agrees that Lender and any other Borrower can agree to extend  modify  forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent

Subject to the provisions of Section 18  any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing  The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender

14  Loan Charges  Lender may charge Borrower fees for services performed in connection with Borrower's default  for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including but not limited to  attorneys fees  property inspection and valuation fees  In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law

If the Loan is subject to a law which sets maximum loan charges  and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits  then  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit  and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower  Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note)  Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing  Any notice to Borro Ver in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender  Borrower shall promptly notify Lender of Borro ver's change of address  If Lender specifies a procedure for reporting Borrower's change of address  then Borrower shall only report a change of address through that specified procedure  There may be only one designated notice address under this Security Instrument at any one time  Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower  Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender  If any notice required by this Security Instrument is also required under Applicable Law  the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument

T D E

Initials.

J R E

-6(MS) (0005)                      Page 10 of 15                          Form 3025 1/01

272      EUBANKS                   BL503197HE

263

16 Governing Law Severability Rules of Construction This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision

As used in this Security Instrument. (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender (b) words in the singular shall mean and include the plural and vice versa, and (c) the word may gives sole discretion without any obligation to take any action

17 Borrower's Copy Borrower shall be given one copy of the Note and of this Security Instrument.

18. Transfer of the Property or a Beneficial Interest in Borrower As used in this Section 18 Interest in the Property means any legal or beneficial interest in the Property including but not limited to those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

If Lender exercises this option Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

19 Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate, or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred, (b) cures any default of any other covenants or agreements (c) pays all expenses incurred in enforcing this Security Instrument, including but not limited to reasonable attorneys' fees property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms as selected by Lender (a) cash (b) money order (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency instrumentality or entity or (d) Electronic Funds Transfer Upon reinstatement by Borrower this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred However this right to reinstate shall not apply in the case of acceleration under Section 18

20 Sale of Note Change of Loan Servicer Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower A sale might result in a change in the entity (known as the Loan Servicer) that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer the address to which payments should be made and any other information RESPA requires in connection

Initials TDE
JRE

-6(MS) (0005)   Page 11 of 15   Form 3025 1/01

272   ZUBANKS   BL503197BH

264

with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20

21 Hazardous Substances As used in this Section 21 (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides volatile solvents materials containing asbestos or formaldehyde and radioactive materials, (b) Environmental Law means federal laws and laws of the jurisdiction where the Property is located that relate to health safety or environmental protection (c) Environmental Cleanup includes any response action, remedial action, or removal action, as defined in Environmental Law· and (d) an Environmental Condition means a condition that can cause, contribute to or otherwise trigger an Environmental Cleanup

Borrower shall not cause or permit the presence use disposal storage or release of any Hazardous Substances or threaten to release any Hazardous Substances, on or in the Property Borrower shall not do nor allow anyone else to do anything affecting the Property (a) that is in violation of any Environmental Law (b) which creates an Environmental Condition, or (c) which due to the presence, use or release of a Hazardous Substance creates a condition that adversely affects the value of the Property The preceding two sentences shall not apply to the presence use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including but not limited to hazardous substances in consumer products)

Borrower shall promptly give Lender written notice of (a) any investigation, claim demand lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge (b) any Environmental Condition including but not limited to any spilling leaking discharge release or threat of release of any Hazardous Substance and (c) any condition caused by the presence use or release of a Hazardous Substance which adversely affects the value of the Property If Borrower learns or is notified by any governmental or regulatory authority or any private party that any removal or other remediation of any Hazardous Substance affecting the Property is necessary Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law Nothing herein shall create any obligation on Lender for an Environmental Cleanup

⊕-6(MS) (0005)          Page 12 of 15          Initials: *TDE* / *JRE*          Form 3025 1/01

272     EUBANKS          BL503197BH

265

NON UNIFORM COVENANTS Borrower and Lender further covenant and agree as follows

22. **Acceleration Remedies** Lender shall give notice to Borrower prior to acceleration following Borrower s breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise) The notice shall specify (a) th default; (b) the action required to cure the default (c) a date, not less than 30 days from the date th noti is given to Borrow r by which the default must be cured and (d) that failure to cure the default on or before th date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property The notice shall further inform Borrower of the right to r instate after accel ration and th right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified n th notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22 including, but ot limited to reasonable attorneys fees and costs of title vidence.

If Lender invokes the power of sale, Lender shall giv Borrower in th manner provided in Section 15 notice of L nder s election to sell the Property Trustee shall give notic of sale by public advertisement for the tim p d in the mann r prescribed by Applicable Law Trustee, without demand on Borrower shall sell the Property at public auction to the highest bidder for cash at such tim a d plac in                  Perry                  County as Trustee designates in th notice of sale in one or more parcels and in any order Trustee determines Lender or its designee may purchas the Property at a y sale.

Trustee shall deliv r to th purchaser Truste s deed co veying the Property without any ov nat or warranty expressed or implied. The recitals in th Trustee s deed shall be prima facie evidence of the truth of the statements made th rein Trustee shall apply the proceeds of the sale in the following order (a) to all expenses of the sale, including, but not limited to reaso able Trustee's and attorneys fees (b) to all sums secured by this Security Instrument and (c) any excess to the person or persons legally entitled to it.

23 **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. If Trustee is requested to cancel this Security Instrument, all notes evidencing debt secured by this Security Instrument shall be surrendered to Trustee. Borrower shall pay any recordation costs Lender may charge Borrower a fee for releas ng this Security Instrument but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted u der Applicable Law

24 **Substitute Trustee.** Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded Without conveyance of the Property the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law

Initials TDE JRE

-6(MS) (0005)          Page 19 of 15          Form 3025 1/01

272      EUBANKS          BL503197EH

BY SIGNING BELOW Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses

_____        _____ (Seal)
                                 TRUDIE D EUBANKS        Borrower

_____        _____ (Seal)
                                 JOHNNY RAY EUBANKS      Borrower

_____ (Seal)    _____ (Seal)
                 Borrower                            Borrower

_____ (Seal)    _____ (Seal)
                 Borrower                            Borrower

_____ (Seal)    _____ (Seal)
                 -Borrower                           Borrower

-6(MS) (0005)              Page 14 of 15              Form 3025  1/01

        272      EUBANKS              BL503197HH

267

STATE OF MISSISSIPPI, Perry County ss

On this 13Th day of June 2007 personally appeared before me, the undersigned authority in and for said County and State, the within named

Trud e D EuBANKS & Johnny Ray EuBANKs

who acknowledged that he/she/they signed and delivered the foregoing instrument on the day and year therein mentioned.

Given under my hand and seal of office

My Commission Expires October 19, 2008

(Seal)

Notary Public
JAMESA PULLIAM

NOTARY
PUBLIC
FOREST COUNTY MS

MY COMMISSION EXPIRES
October 19 2008

-6(MS) (0009)
Page 18 of 15
Initials _____
Form 3025 1/01

272 EUBANKS BL503197RR

268

# EXHIBIT E

715




When Recorded Return To:
JPMorgan Chase Bank, N.A.
C/O NTC 2100 Alt. 19 North
Palm Harbor FL, 34683

Prepared By:
T.Lynn/NTC, 2100 Alt. 19
North, Palm Harbor FL 34683
(800)346-9152

Loan #: 6026723389

## ASSIGNMENT OF
## MORTGAGE / DEED OF TRUST

Contact JPMORGAN CHASE BANK, N.A. for this instrument 700 Kansas Lane, Suite A, Monroe LA 71203, Telephone # (866) 756-8747 which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, CHASE BANK USA, N.A., WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA, 71203, (ASSIGNOR), by these presents does convey grant, assign, transfer and set over the described Mortgage/Deed of Trust with all interest secured thereby all liens, and any rights due or to become due thereon to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 KANSAS LANE, MC 8000, MONROE, LA 71203 (866)756-8747 ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Mortgage/Deed of Trust is dated 09/13/2007 executed by TRUDIE D. EUBANKS AND JOHNNY RAY EUBANKS to CHASE BANK USA, N.A. and recorded on 07/31/2007 in Book 206, Page 254 and/or Doc# n/a of the Records of Deeds in the office of the Chancery Clerk of PERRY County Mississippi.
      THE LAND REFERRED TO IN THIS POLICY IS SITUATED IN THE STATE OF MS, COUNTY OF PERRY CITY OF BEAUMONT AND DESCRIBED AS FOLLOWS, ALL REAL PROPERTY OWNED BY US LOCATED IN SECTION 32, TOWNSHIP 3 NORTH, RANGE 9 WEST PERRY COUNTY MISSISSIPPI

Property in Beaumont County 164 N, BEAUMONT, MS 39423   [illegible]

Dated on Oct 06/2313 (MM/DD/YYYY)
CHASE BANK USA, N.A.

By: _____
VICE PRESIDENT

(Seal)

JPCAS 19197369  _CHASE C34636376  T0313021623  [C] FRMU481

19197369*

[illegible]

715

716

Loan #: 0926722369

STATE OF LOUISIANA    PARISH OF OUACHITA
On 02/15/2015 (MM/DD/YYYY), before me appeared _____ to me personally known, who did say that he/she/they is/are the VICE PRESIDENT of CHASE BANK USA N.A. and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association)

_____
Notary Public  State of LOUISIANA
Commission expires Upon My Death

JPCA5 19197569    CHASE CI4536276   T0313021623  [C] FRMM51

*19197569*

716

# EXHIBIT F





PERRY COUNTY MS
I certify this Instrument file /recorded.
11/31/2022   11.38:40 AM
Bk. MTG 297 Page:20-21
Witness my hand and seal
LARRY A. WILSON   CHANCERY CLERK

**MISSISSIPPI**

**COUNTY OF PERRY**

**LOAN NO  0028722389**

**[N 110 2022NPL-3]**

PREPARED BY  JANICE GARRISON, 780 KANSAS LANE  MONROE, LA 71203  PH. (800) 401-6587
WHEN RECORDED MAIL TO: ATTN: ASSIGNMENT DEPARTMENT  JPMORGAN CHASE BANK, N.A. C/O FIRST AMERICAN MORTGAGE
SOLUTIONS, 1795 INTERNATIONAL WAY  IDAHO FALLS, ID 83402, PH (208) 528-9895

## ASSIGNMENT OF DEED OF TRUST AND ACKNOWLEDGEMENT

FOR VALUE RECEIVED  JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, located at 700 KANSAS
LANE, MC 8000  MONROE, LA 71203  PH (318) 432-6748  Assignor does hereby grant, assign transfer and set over
unto MEB LOAN TRUST VII  located at C/O US BANK TRUST NATIONAL ASSOC 1101 CENTRE ROAD SUITE
203 WILMINGTON, DE 19805 PH 206-528-9895  Assignee its successors, representatives and assigns, all Assignor s
rights, title, and interest in and to that Deed of Trust dated JUNE 13  2007  executed by TRUDIE D EUBANKS AND
HUSBAND  JOHNNY RAY EUBANKS, AS TENANTS BY THE ENTIRETY WITH THE RIGHT OF
SURVIVORSHIP, NOT AS TENANTS IN COMMON  located at 2516 HWY 15 N  BEAUMONT, MS 39423  PH. 206
528-9895 Trustor  for the benefit of CHASE BANK USA, N.A., Original Beneficiary  and recorded in Mortgage Book 206
at Page 254 in the official records of the Recorder of Deeds Office in and for the County of PERRY  State of MISSISSIPPI.

PROPERTY ADDRESS  2516 HWY 15 N  BEAUMONT  MS 39423

**AS DESCRIBED IN SAID DEED OF TRUST**

IN WITNESS WHEREOF  the undersigned has caused this Instrument to be executed on _____10 -28- 2022_____
JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

Name: Latrice Bell
Title: Vice President-Doc Execution

CHASE Bank National Association CORPORATE SEAL

CH8870117IM   AM  MS                    Page 1 of 2

Book 287 Page 21
MTG 11/10/2022 11 10 AM

STATE OF LOUISIANA      PARISH OF OUACHITA      ) ss.

On 10-28-2012, before me appeared ___Leidoe Bell___, to me personally known, who, being by me affirmed did say that he is the Vice President-Duo Execution, of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION and that the seal affixed to said instrument is the corporate seal of said entity and that the instrument was signed and sealed in behalf of the entity by authority of its Board of Directors and that ___Leidoe Bell___ acknowledged the instrument to be the free act and deed of the entity

_____ (COMMISSION EXP
_____
NOTARY PUBLIC
ID OR BAR ROLL NUMBER. ___17070___

Eva Recos
Ouachita Parish, Louisiana
Lifetime Commission
Notary Public ID# 17070

CH30701171M  AM  MS                     Page 2 of 2
LOAN NO. 0026722389

| | | | MARGINAL NOTATION FORM | | | |
|---|---|---|---|---|---|---|
| Delivered | Scanned | | PERRY COUNTY MEDICAL CENTER | Prev | | Ref |
| | | | Honorable LARRY A. WILSON | | | |
| Instrument Type | Book | Page | L/R Station | | Date | Security Class. |
| DEED OF TRUST | 206 | 254 | | | 1/15/2007 | Conventional |

Case: 56CH1:25-cv-00090-S    Document #: 3    Filed: 12/01/2025    Page 49 of 65

# EXHIBIT G



Prepared By and Return To
Jeanette Reikes
Meridian Asset Services LLC
140 Fountain Parkway Suite 160
St. Petersburg, FL 33716
(239) 351 2442

 PERRY COUNTY MS
I certify this instrument to be recorded
04/11/2024   10:57:27 AM
Bir MTG 304 Page. 166-167
Witness my hand and seal
LARRY A. WILSON   CHANCERY CLERK

_____ Space above for Recorder's use _____

Loan No 4521483


21673701

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION the sufficiency of which is hereby acknowledged, the undersigned MEB LOAN TRUST VII whose address is C/O U.S. BANK TRUST NATIONAL ASSOCIATION 1011 CENTRE ROAD, SUITE 203, WILMINGTON, DELAWARE 19805, PHONE# N/A, (ASSIGNOR), does hereby grant, assign and transfer to U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST whose address is C/O SELENE FINANCE LP 3501 OLYMPUS BLVD., SUITE 500 DALLAS, TX 75019 PHONE# N/A (ASSIGNEE), its successors, transferees and assigns forever all beneficial interest under that certain deed of trust together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Deed of Trust. 6/13/2007
Original Loan Amount: $203,900.00
Executed by (Borrower(s)) TRUDIE D EUBANKS & JOHNNY RAY EUBANKS
Original Trustee: JAY MORRIS, ATTORNEY
Original Beneficiary CHASE BANK USA, N.A.
Filed of Record   In Book 205, Page 264 _ _|
Document/Instrument No N/A in the Recording District of Perry MS, Recorded on 7/31/2007

Property more commonly described as. 1516 HWY 15 N, BEAUMONT MISSISSIPPI 39423

4521483 Chase 2022 NPL1 21673701

Book 304 Page 167
MTG 4/11/2024 10 57 01 AM

IN WITNESS WHEREOF the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed acknowledged and delivered this assignment

Date. 3/29/2024

MEB LOAN TRUST VII, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY IN-FACT

By KATHRYN CREMER
Title VICE PRESIDENT

Witness Name, DOMINIC KOCH

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED AND NOT THE TRUTHFULNESS ACCURACY OR VALIDITY OF THAT DOCUMENT

State of        FLORIDA
County of       PINELLAS

On 3/29/2024 before me ISABEL LOPEZ, a Notary Public, personally appeared KATHRYN CREMER, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC AS ATTORNEY-IN-FACT FOR MEB LOAN TRUST VII personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of FLORIDA that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that KATHRYN CREMER, signed, sealed, attested and delivered this document as a voluntary act in my presence

Witness my hand and official seal.

(Notary Name) ISABEL LOPEZ
My commission expires: 02/13/2027

ISABEL LOPEZ
Notary Public
State of Florida
Comm# HH361450
Expires 2/13/2027

The Power of Attorney was filed in
_Pinellas_ County, State of
FL_ on _4/3/2024_
in _2024084234_

BK: 22755 PG: 661

4521423 Chase 2022-NPL1 21673701

# EXHIBIT H

## Perry County Parcel Viewer

eubanks

**Parcels EUBANKS JOHNNY RAY ETUX TRUDIE D**

| | |
|---|---|
| Print | More info |
| FEMA Data | More info |
| Street View | More info |
| Google Earth | More info |
| PPIN | 9704 |
| PARCEL_ID | 109E 32 001 004 |
| REGION | LCP |
| OWNERNAME | EUBANKS JOHNNY RAY ETUX TRUDIE D |
| ADDRESS1 | P O BOX 38 |
| ADDRESS2 | 2516 HWY 15 N |
| ADDRESS3 | |
| CITY | BEAUMONT |
| STATE | MS |
| ZIP | 39423 |
| SECTION | 32 |
| TOWNSHIP | 03N |
| RANGE | 09W |
| CULT_VAL1 | 8 500 |
| CULT_VAL2 | 200 |
| UNCUL_VAL1 | 0 |
| UNCUL_VAL2 | 670 |
| IMP_VAL1 | 164 800 |
| IMP_VAL2 | 670 |
| LAND_VAL | 9 370 |

Zoom to

Esri Community Ma

100ft

88 917 31 178 Degrees

# EXHIBIT I



# EXHIBIT J



This document was prepared by and should be returned to.

Tingle Law Group, PLLC
Carole Tingle, MS Bar No. 101747
1507 Hardy Street, Suite 204
Hattiesburg, MS 39401-4978
P- 855.529.8946

| Grantor: | Grantee: | Grantee: |
|---|---|---|
| Catherine Sue Ivey Eubanks | Johnny R. Eubanks | Tina Glynette Price |
| 2514 Highway 15 North | 2516 Highway 15 North | 13855 John Clark Road |
| Beaumont, MS 39423 | Beaumont, MS 39423 | Gulfport, MS 39503 |
| (601) 784-3831 | (601) 408-5093 | (228) 234-1915 |

INDEXING INSTRUCTIONS- 7.40 acres, more or less, in the NE ¼ of the SW ¼ of Section 32, Township 3 North, Range 9 West

### WARRANTY DEED RESERVING LIFE ESTATE

FOR AND IN CONSIDERATION of the love and affection I have for my children named herein, I, CATHERINE SUE IVEY EUBANKS, Grantor after first reserving a Life Estate unto myself, do hereby bargain, give, convey and warrant the remainder interest unto JOHNNY R. EUBANKS and TINA GLYNETTE PRICE, as tenants in common in equal shares, the following property located and situated in Perry County Mississippi, and more particularly described as follows, to-wit:

Commence at the SE corner of the NE ¼ of the SW ¼ of Section 32, Township 3 North, Range 9 West, for the point of beginning; thence run North along the East forty line for 388 feet, thence run West for 890 feet more or less to the East right-of-way of Highway 15 thence run Southwesterly for 225 feet more or less to the Eubanks property thence run S 89° 22' E for 270 feet more or less to the NE corner of the Eubanks property thence run S 00° 02 E for 146.2 feet, thence run West for 38.9 feet; thence run S 04° 43' W 29.9 feet; thence run S 89° 20' E for 715 1 feet back to the point of beginning. Said parcel of land includes 7.40 acres more or less in Perry County Mississippi

Page 1 of 2

By way of explanation, this is the same property that Catherine Sue Ivey Eubanks and Aubrey Eubanks, her husband, were awarded in Civil Action No. 07-92-2286-D a partition suit heard by the Chancery Court of Perry County Mississippi. The Agreed Judgment resulting from the partition action is recorded in Book 96 at page 595 of the deed records maintained by the Chancery Clerk of Perry County Mississippi. This property is part of the homestead of Catherine Sue Ivey Eubanks, a widow Aubrey Eubanks departed this life on December 30 2010, leaving Catherine Sue Ivey Eubanks as the sole owner at the time this deed was executed, a copy of his death certificate is attached hereto as Exhibit "A."

As set forth herein, title/ownership shall vest in the grantees upon the grantor's death.

The warranty of this conveyance is made expressly subject to all restrictive covenants, rights-of way easements, and mineral reservations of record affecting the above-described property

WITNESS MY SIGNATURE this the __17th__ day of April, 2014

CATHERINE SUE IVEY EUBANKS, Grantor

STATE OF MISSISSIPPI
COUNTY OF PERRY

Personally appeared before me, the undersigned authority in and for the said county and state, the within named CATHERINE SUE IVEY EUBANKS who acknowledged that she signed and delivered the above and foregoing instrument, Warranty Deed Reserving Life Estate, on the day and year therein mentioned, as her free and voluntary act and deed, and for the purposes therein expressed.

Given under my hand and official seal of office this the 17th day of April, 2014

Notary Public

(SEAL)

My Commission Expires    9-19 2017

This instrument was prepared without the benefit of a title examination.

Page 2 of 2

# EXHIBIT K



# Aubrey E. Eubanks



Photo added by Gene Phillips



Added by Gene Phillips



Added by Gene Phillips

**BIRTH**  15 Mar 1928

**DEATH**  30 Dec 2010 (aged 82)
USA

**BURIAL**  Beaumont Cemetery
Beaumont, Perry County, Mississippi, USA

**MEMORIAL ID**  63711238

Aubrey E  Eubanks (1928  2010)

Services will be held Sunday, January 2, 2011 at Jones & Son Funeral Home in Beaumont for Mr Aubrey E   Homebrew' Eubanks, 82, of Beaumont who died December 30, 2010

Interment will be at Beaumont Cemetery with Dr  Frank Hendry and Rev Gerald Givens officiating  Serving as pallbearers are Ronnie Deakle, Roger D Lott, Richard Lott, Dennis Price, Ronnie Price, Chad Price, honorary pallbearer Allen Lott and alt  Johnny Dykes

He is survived by his wife  Sue Eubanks of Beaumont, son, Johnny Ray Eubanks and wife Trudie of Beaumont, daughter, Tina and husband Harold Price of Gulfport, brother, Alton (Boot) Eubanks of Beaumont, grandson, Johnny R  Eubanks II of New Orleans, grand daughters, Ashley and husband Grant Backstrom of Richton, Stephanie McLendon of McLain, and Alicia and husband Josh Wagner of Gulfport  Great grandchildren include Coleman and Cayson Backstrom of Richton and Jalyn Wagner of Gulfport

Mr Eubanks was a life long resident of Beaumont and was a retired welder from Price Brother Pipe Co  of Hattiesburg  He was owner and operator of S & A Bait Shop in Beaumont and was a veteran of the U  S  Navy during the Korean War

## Family Members

**Parents**



Print Eubanks
1898–1981

**Spouse**



Catherine Sue Eubanks
1931–2015



Rhoda *Merritt* Eubanks
1904–1988

**Siblings**



John Burley Eubanks
1926–2005



Norris Arval  Cucumber  Eubanks
1930–2001

**Children**



Ruby Lois Eubanks
1953–1953

---

**Created by** Marshall Parker
Added  Jan 4, 2011
Find a Grave Memorial ID  63711238

*Find a Grave* database and images
(https //www findagrave com/memorial/63711238/aubrey_e eubanks
accessed November 24, 2025), memorial page for Aubrey E  Eubanks
(15 Mar 1928–30 Dec 2010)  Find a Grave Memorial ID **63711238**, citing
Beaumont Cemetery, Beaumont, Perry County, Mississippi  USA
Maintained by Marshall Parker (contributor **46498853**)



 Find a Grave



Photo added by Gene Phillips



Added by Gene Phillips

# Catherine Sue Eubanks

**BIRTH** 5 Jun 1931

**DEATH** 13 Dec 2015 (aged 84)
Beaumont, Perry County, Mississippi USA

**BURIAL** Beaumont Cemetery
Beaumont, Perry County, Mississippi, USA

**MEMORIAL ID** 156033908

Services will be held at 2 30 p m Wednesday, December 16, 2015, at Jones & Son Chapel, Beaumont for Mrs Catherine Sue Eubanks, age 84 of Beaumont who died December 13, 2015 at her residence Bro Greg Piercy will officiate with burial to follow in the Beaumont Cemetery

Serving as pallbearers will be Kellon Picou, Johnny Dykes, Scott Dearman Roger Dale Lott, Ronnie Shoemake, and Dennis Price Honorary pallbearers will be Ronnie Deakle, Ronnie Price, Chad Price, Little Amos Pettry, Brian Seay, and Brian Rogers

Mrs Eubanks was a member of Leaf River Missionary Baptist Church She was preceded in death by her husband, Aubrey Eubanks, daughter, Ruby Lois Eubanks, grandchild, Timmy Price and great grandchild, Mason Price

She is survived by her son Johnny Ray (Trudie) Eubanks of Beaumont, daughter Tina Glynette (Harold Charles) Price of Gulfport, grandchildren, Johnnie Ray Eubanks, II, Alicia Price (Josh) Wagner, Ashley Eubanks (Grant) Backstrom, Stephanie McCoy McLendon, Howie Price, and Justin (Haylee) Price, great grandchildren, Coleman Backstrom, Cayson Backstrom, Jalyn Wagner Reece Wagner, Avery Wagner Micah Price, Manning Price, Bailey Price and Gunner Price and a host of nieces and nephews

Visitation will be 6 00 – 9 00 p m Tuesday, December 15, 2015 at Jones & Son Funeral Home at Beaumont

**Family Members**

**Spouse**                                **Children**

 **Aubrey E Eubanks**
1928–2010

 **Ruby Lois Eubanks**
1953–1953

**Maintained by  L F 1968**
**Originally Created by  48425544**
Added  Dec 14  2015
Find a Grave Memorial ID  156033908

*Find a Grave,* database and images
(https //www findagrave com/memorial/156033908/catherine_sue
eubanks  accessed November 24, 2025)  memorial page for Catherine
Sue Eubanks (5 Jun 1931–13 Dec 2015), Find a Grave Memorial ID
156033908  citing Beaumont Cemetery, Beaumont  Perry County,
Mississippi  USA, Maintained by L F 1968 (contributor 49869518)