**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
(GULFPORT-6 DIVISIONAL OFFICE)**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRUDIE DYKES EUBANKS, | ) | Case No. 25-50541-KMS |
| | ) | |
| Debtors. | ) | Chapter 13 |

**AGREED ORDER LIFTING THE AUTOMATIC STAY FOR LIMITED PURPOSE OF
ALLOWING THE CHANCERY COURT OF PERRY COUNTY, MISSISSIPPI TO
ADJUDICATE THE QUIET TITLE ACTION UNDER APPLICABLE STATE LAW**

**IT APPEARING** that the lien rights of U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCAF Acquisition Trust ("Plaintiff"), by and through undersigned counsel, and pursuant to 11 U.S.C. § 362(d)(1) and Fed. R. Bankr. P. 4001, the debtor, Trudie Dykes Eubanks (the "Debtor"), with respect to the real property commonly known as 2516 Hwy 15 North, Beaumont, MS 39423 (the "Property") are disputed, contingent, and the subject of ongoing litigation, which is currently stayed by the above-captioned bankruptcy case, in the case styled as of U.S. Bank Trust National Association, Not in its Individual Capacity but Solely as Owner Trustee for RCAF Acquisition Trust v. Johnny Ray Eubanks, Trudie D. Eubanks, and Tina Price*, In the Chancery Court of Perry County, Mississippi, Cause No: 25-cv-0090-S* (the "Quiet Title Action");

**WHEREAS** Debtor and the Plaintiff (collectively, the "Parties") agree that the Quiet Title Action is ripe for adjudication by the Chancery Court of Perry County, Mississippi; and

**WHEREAS** the Parties agree that it is in the best interests of the judicial resources of this Court, general judicial economy, the Parties, the bankruptcy estate, and all of the creditors to allow the Chancery Court of Perry County, Mississippi to adjudicate the Quiet Title Action on the merits under applicable state law given the extensive pre-petition litigation before that court; and finally;

**IT APPEARING** to the Court that the instant *Agreed Order Lifting the Automatic Stay for the Limited Purpose of Allowing the Chancery Court of Perry County, Mississippi to Adjudicate the Quiet Title Action Under Applicable State Law* (the "Agreed Order") was sufficiently noticed and that this Court is fully advised in the premises, having duly considered the legal and factual matters set forth by the Parties in related pleadings. Accordingly,

**IT IS HEREBY ORDERED AND ADJUDGED** that the automatic stay is terminated pursuant to 11 U.S.C. § 362(d)(1) for the limited purpose of allowing the Chancery Court of Perry County, Mississippi to adjudicate the Quiet Title Action under applicable state law (the "Stay Relief");

**IT IS FURTHER ORDERED AND ADJUDGED** that the Stay Relief granted herein shall permit the Trust to proceed against the Debtor and all other defendants in the Quiet Title Action for the purpose of obtaining an adjudication of the Trust's alleged claims and causes of action against the Debtor and all other defendants therein;

**IT IS FURTHER ORDERED AND ADJUDGED** that any judgment entered in the Quiet Title Action shall be noticed by the Parties in the above-captioned bankruptcy case within fifteen (15) days of its entry for immediate consideration by this Court in connection with

2

administration of the above-captioned bankruptcy case. In the event that any such judgment declares that the Plaintiff holds lien rights with respect to the Property, the Plaintiff will be allowed a reasonable time within which to file proof of claim consistent with such judgment, and the Debtor will be allowed a reasonable time to file any objections to said proof of claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that in the event the Plaintiff obtains a judgment against the Debtor and/or any other defendants in the Quiet Title Action (a "Judgment") and so long as the above-captioned bankruptcy proceeding has not been converted, dismissed, or the Court having ordered otherwise, the Plaintiff is prohibited from executing upon or otherwise attempting to collect any such Judgment as against the Debtor (the "Judgment Collection Prohibition"). The Judgment Collection Prohibition shall not be construed or interpreted to prohibit, modify or in any way limit, restrain, or inhibit the Plaintiff's ability to execute upon or otherwise pursue enforcement and collection of any Judgment as to any person or entity other than the Debtor.

**IT IS FURTHER ORDERED AND ADJUDGED** that nothing in this Agreed Order shall be construed as a release, waiver, or abandonment of any claim(s) or right(s) that the Plaintiff or any other person or entity may have arising out of or related to any other litigation pending or causes of action accrued with respect to the facts and circumstances alleged in the Quiet Title Action or otherwise;

**IT IS FURTHER ORDERED** that the fourteen (14) day stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to the Stay Relief;

3

**IT IS FURTHER ORDERED** that this Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**##END OF ORDER##**

APPROVED FOR ENTRY BY:

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By:      /s/ Jake Adams
         Jake Adams (MB #101538)
         1600 West End Avenue, Suite 2000
         Nashville, Tennessee 37203
         Tel. 615-726-5631
         Fax. 615-744-5631
         jadams@bakerdonelson.com

*Counsel for U.S. Bank Trust National Association,*
*Not in its Individual Capacity but Solely as*
*Owner Trustee for RCAF Acquisition Trust*

THE ROLLINS LAW FIRM, PLLC

By:      /s/ Thomas Carl Rollins, Jr. (with permission)
         Thomas Carl Rollins, Jr. (MB # 103469)
         P.O. Box 13767
         Jackson, MS 39236
         Tel. 601-500-5533
         trollins@therollinsfirm.com

4